UNITED STATES of America, Appellee,

v.

Henry Garcia RIVAS, Defendant–Appellant.

No. 07–3513–cr.

United States Court of Appeals, Second Circuit.

Aug. 20, 2008.

Edward S. Zas, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Todd W. Blanche, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Henry Garcia Rivas appeals from a judgment entered August 10, 2007, in the United States District Court for the Southern District of New York (Hellerstein, J.), convicting him, following a guilty plea, of illegal reentry in violation of 8 U.S.C. § 1326. Judge Hellerstein sentenced Rivas to a term of 57 months' imprisonment, the bottom of the Guidelines range of 57–71 months. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

On appeal, Rivas argues that his sentence was unreasonable. The standard for reasonableness review is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Id.* Here, Rivas was sentenced to a prison term at the bottom of the Guidelines range. While Rivas quarrels with the district court's balancing of the sentencing factors, the weight to be given to each of those considerations "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006) (quotation omitted). Nor does "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program ... make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir.2006).

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.